IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,  <br>    Plaintiff,  <br>    v.  <br>LONNIE A. GRAY, SR.,  <br>    Defendant. | No. 13-cr-40082-JPG-004 |

**MEMORANDUM AND ORDER**

This matter comes before the Court for consideration of defendant Lonnie A. Gray, Sr.'s prospects for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 2D1.1.  Counsel voluntarily appeared for Gray and has since moved to withdraw on the basis that she can make no non-frivolous argument in support of a request for reduction (Doc. 187).  *See Anders v. California*, 386 U.S. 738, 744 (1967).  The Government has responded to the motion expressing no objection to counsel's withdrawal (Doc. 191); the defendant has not responded, although he was given an opportunity to do so.

In March 2014, the defendant pled guilty to one count of conspiracy to manufacture, distribute and possess with intent to distribute more than 500 grams of methamphetamine.  In July 2014, the Court sentenced the defendant to serve a term of imprisonment of 24 months.  This sentence reflected the anticipated retroactive application of Amendment 782.  Amendment 782 amended U.S.S.G. § 2D1.1(c) as of November 1, 2014, to lower some base offense levels associated with various relevant conduct drug amounts.  The relevant parts of Amendment 782 became retroactive on November 1, 2015.  *See* U.S.S.G. § 1B1.10(d) & (e)(1) (2014).  According to the Bureau of Prisons' website, Gray completed his term of incarceration and was released from custody in May 2016.

The Court now considers whether the defendant could be eligible for a reduction under 18 U.S.C. § 3582(c)(2).  Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ."  In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:  (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.  If an amendment does not lower the defendant's applicable guideline range, the Court must deny a sentence reduction on the merits.  *United States v. Taylor*, 778 F.3d 667, 672 (7th Cir. 2015).

Here, the defendant does not satisfy the second criterion; a reduction is inconsistent with the applicable policy statement that permits a reduction only where the defendant is in custody.  *See* U.S.S.G. § 1B1.10(a)(1) (allowing a reduction where "a defendant is serving a term of imprisonment").  Additionally, a defendant cannot receive a reduction to a sentence lower than the term he has already served.  U.S.S.G. § 1B1.10(b)(2)(C) ("In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served."); *see United States v. Parker*, 472 F. App'x 415, 417 (7th Cir. 2012).  Furthermore, even if the defendant were eligible, the Court would not exercise its discretion to grand a reduction because the defendant has already received the benefit of Amendment 782 at his sentencing.  Since the defendant has already received the benefit of Amendment 782, is finished serving his term of

imprisonment and cannot receive a sentence lower than that which he has already served, any request for a reduction would be denied.  Accordingly, the Court **GRANTS** counsel's motion to withdraw (Doc. 187) and **ORDERS** that Assistant Federal Public Defender Judith A. Kuenneke is **WITHDRAWN** as counsel in this case.

**IT IS SO ORDERED.**
**DATED:   January 9, 2017**

                                             s/ J. Phil Gilbert
                                             **J. PHIL GILBERT**
                                             **U.S. DISTRICT JUDGE**